## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TRACY BRADLEY,

     Plaintiff,

         v.

WELLSTAR EAST COBB HEALTH PARK, *et al.*,

     Defendants.

Civil Action No.
1:23-cv-00099-SDG

## OPINION AND ORDER

This matter is before the Court on a frivolity review of Plaintiff Tracy Bradley's Complaint under § 1915. For the reasons explained below, this action is frivolous and fails to state a claim.

## I.    Applicable Legal Standard

On January 10, 2023, Bradley was granted leave to proceed *in forma pauperis*.[1] When a plaintiff is allowed to proceed in this manner—that is, without prepayment of court costs—the case is subject to dismissal if the action is frivolous, the complaint fails to state a claim, or the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The purpose for these restrictions is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions

---

[1]    ECF 2.

for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), *superseded by statute on other grounds as recognized in Christiansen v. Clarke*, 147 F.3d 655, 658–59 (8th Cir. 1998). *See also Ahumed v. Fed. Nat'l Mortg. Ass'n*, No. 1:11-cv-2175-ODE-RGV, 2011 WL 13318915, at *2 (N.D. Ga. Dec. 13, 2011) (similar). The Court is authorized to dismiss such an action before service of process, to spare the defendant the inconvenience and expense of having to answer a frivolous complaint. *Neitzke*, 490 U.S. at 324.

Since Bradley is appearing *pro se*, the Court must construe the Complaint leniently and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). *See also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (similar). But the leniency the Court must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

## II.   Discussion

Bradley's Complaint describes various interactions with two medical professionals concerning an apparently false-positive HIV test she was administered in June 2022. Bradley makes clear that she was shaken up and upset by her interactions with these doctors, alleging that, as a result of their conduct she

has severe depression and anxiety. However, Bradley has failed to allege some of the basic information necessary to state a claim. For instance, she has not identified any particular cause of action. Nor is it clear why Bradley is attempting to sue Dr. Edupuganti—whether because of the allegedly false-positive test or something else—or Dr. Hussain—whether because he allegedly treated Bradley poorly, refused to administer another HIV test, or told her to take medications she apparently did not need. Without such information, Bradley cannot state a claim.

While a plaintiff need not necessarily plead specific facts for every element of a claim or plead her claims with precision, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282–83 (11th Cir. 2007) (internal citations omitted). A plaintiff is required to present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, Bradley has not alleged a basis for the exercise of this Court's jurisdiction over an apparent tort claim between parties that all appear to be citizens of Georgia. Defendant Wellstar East Cobb Health Park's connection to the two doctors is unclear, although Bradley alleges that she attempted to resolve her

dispute with "Wellstar." Bradley may not proceed in this Court without establishing either federal question or diversity of citizenship subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

In repleading her Complaint, Bradley must (1) state the basis for the Court's jurisdiction; (2) identify the cause(s) of action she is bringing against each Defendant; and (3) state facts explaining how each Defendant allegedly harmed her. If she intends to sue an entity in addition to the two doctors who provided her medical treatment, she must identify a *legal* entity, including its name, address, registered agent, and citizenship for purposes of diversity jurisdiction.

## III.   Conclusion

Because the Complaint [ECF 3] in its current form does not state a claim for which relief can be granted, it is frivolous and is **DISMISSED WITHOUT PREJUDICE**. 28 U.S.C. § 1915(e)(2)(B)(ii). On or before November 18, 2024, Bradley may file an amended complaint that cures the deficiencies outlined herein.

If Bradley elects not to timely amend, this action will be deemed dismissed *with* prejudice. In the interim, the Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED** this 17th day of October, 2024.

Steven D. Grimberg
United States District Judge